### MASON v. FINLEY, Adm'r, et al.

No. 17851. Opinion Filed April 17, 1928.

Rehearing Denied Dec. 31, 1928.

J. A. Bass and Geo. A. Ahern, for plaintiff in error.

Brett & Brett, for defendants in error.

DIFFENDAFFER, C. On December 17, 1917, Tomlinson Fort, administrator of the estate of Malissa J. Vaughan, obtained a judgment in the district court of Carter county against Ira R. Mason, in which findings of fact were made, finding that Fort was the duly appointed, qualified, and acting administrator of the estate of Malissa J. Vaughan, deceased; that during the lifetime of said Malissa J. Vaughan, Mason received from her a certain sum of money as trustee; that the trust relation continued for a period of about nine years prior to her death, and that no settlement was had during the lifetime of said Malissa J. Vaughan; that Mason then held the sum of $1,680 as "trustee and agent of Malissa J. Vaughan, and as estate and for the use and benefit thereof." The judgment was that the plaintiff, Tomlinson Fort, administrator of the estate of Malissa J. Vaughan, have and recover of and from the defendant, Ira R. Mason, the sum of $1,680, with interest at 6 per cent. from date of judgment, and costs. The judgment further ordered and decreed that said defendant, Ira R. Mason, pay said sum into court, for plaintiff, within 60 days.

This action was filed on November 8, 1924, by J. H. Finley, administrator of the estate of Malissa J. Vaughan, deceased, and Bertha Kay, nee Vaughan, against the same defendant, I. R. Mason. The petition sets out that Finley is the duly appointed, qualified and acting administrator of the estate of Malissa J. Vaughan, and alleges that plaintiff, Bertha Kay, is a granddaughter and heir of

Malissa J. Vaughan, deceased. The petition then alleges that defendant, Mason, was entrusted with said sum of $1,680, as found and held in the former judgment, and refers to and makes the former judgment, being judgment in cause No. 3767, in the district court of Carter county, a part of petition, the same as if fully set out and copied therein, and alleges that said sum of $1,680 has never been paid by defendant, and that same was still held by him in trust, and prays for judgment for same.

Mason filed a demurrer to this petition, but it appears that on May 1, 1925, demurrer was overruled by agreement of parties, and no exceptions were saved. The defendant answers by general denial, and also pleads that if there is any judgment against him in cause No. 3767 in the district court of Carter county, such is a money judgment, and alleged that no execution has ever been issued on said judgment since its date December 17, 1917, and that more than five years elapsed without an execution having issued, and that said judgment was not revived within one year after the five years had elapsed; and that said judgment is dead, and cannot now be revived.

No reply was filed to the answer or amended answer. The cause was tried to the court without a jury, and judgment rendered in favor of defendants in error, hereinafter referred to as plaintiffs, against plaintiff in error, hereinafter referred to as defendant, for the sum of $2,398.19, being the amount due on said former judgment, including interest thereon at 6 per cent. from January 10, 1918, the date upon which the trial court in this action finds that defendant should have paid said sum into court under the former judgment. From this judgment, the defendant brings this appeal.

It is conceded that no execution was issued on the former judgment within five years after its date, or at all. It is also conceded that the former judgment was not revived in the name of the administrator, nor in the name of the heirs at law of said Malissa J. Vaughan, deceased. Nearly seven years elapsed between the date of the former judgment and the filing of the petition in the instant case. The trial court based its judgment in the instant case on the finding of the court in the former judgment that defendant held the money in trust as trustee for Malissa J. Vaughan. The trial court in effect held that the statute did not run against the judgment for the reason that the statute of limitation does not run against an express or continuing trust.

It is, as a general rule, true that the statute of limitation does not run against an express continuing trust. 39 Cyc. 600. The record discloses that in the former trial defendant denied liability. The judgment established the trust relation, and in addition thereto fixed the amount of money held by defendant as trustee, and allowed the recovery thereof by the administrator. What, then, was the necessary effect of this judgment? In Olson v. Dahl, 99 Minn. 433. 116 A. S. R. 435, it was held that a cause of action is merged in the judgment and becomes extinct. In United States v. Jacob and Isaac Leffler, 11 Pet. (U. S.) 86, 9 L. Ed. 642, it is said:

"If there be any one principle of law settled beyond all question, it is this, that whensoever a cause of action in the language of the law, transit in rem judicatam, and the judgment thereupon remains in full force unreversed, the original cause of action is merged and gone forever."

This principle has been recognized in this court in many cases. In Cressler v. Brown, 79 Okla. 170, 192 Pac. 417, Mr. Justice Ramsey, speaking for the court, discussing the effect of a former judgment upon the cause of action, said:

"All is merged in the judgment. The cause of action is * * * terminated irrespective of the facts or legal propositions pleaded and considered by the court rendering the judgment."

In support of this proposition are cited: Black on Judgments (2d Ed.) vol. 2, 673 and 506; Cromwell v. County of Sac, 94 U. S. 351; Baker v. Leavitt, 54 Okla. 73, 153 Pac. 1100; Norton v. Kelley, 57 Okla. 222, 156 Pac. 1164; Ely Walker Dry Goods Co. v. Smith, 69 Okla. 261, 160 Pac. 898; and Dill v. Flesher, 73 Okla. 185, 175 Pac. 359.

So that it must be that if in the former action, Fort, as administrator, had a cause of action which would support the judgment rendered (and the court so found) it became merged in the judgment, and was gone forever. The trust relation theretofore existing was thereby terminated, and the relation of judgment creditor and judgment debtor arose.

No relief could be granted plaintiffs in this action that was not granted in the former action. All the plaintiffs are asking in this action is judgment against defendant, Mason, for the amount found due from him to the estate of Malissa J. Vaughan in the former suit.

The court there found that Fort was the duly appointed, qualified and acting admin-

istrator of the estate of Malissa J. Vaughan, deceased, and rendered judgment in his favor as such administrator against Mason for the sum of $1,680, which the court found he held in trust for the benefit of the estate of Malissa J. Vaughan, deceased.

Section 662, C. O. S. 1921, defining a judgment, reads as follows:

"A judgment is the final determination of the rights of the parties in an action."

The plaintiffs in the former action invoked the jurisdiction of the court, not only for the purpose of determining the relation theretofore existing between Malissa J. Vaughan, and the defendant, Mason, but also asked for an accounting and for judgment for the amount found due the estate. All these he obtained, and nothing remained to be done except enforce the judgment.

True, the court directed the defendant to pay the money into court within 60 days. That provision probably forbade the issuance of an execution for that period of time. Harris v. Elliott (N. Y.) 57 N. E. 406. The judgment being docketed, there was nothing to prevent the issuance of an execution after the expiration of the 60 days. By section 695, C. O. S. 1921, it is provided that if no execution be sued out within five years from the date of a judgment, or if five years intervene between the date of the last execution issued without another execution being sued out, the judgment becomes dormant. In five years from the date of the judgment, or at most five years after the expiration of the 60 days given defendant to pay the money into court, the judgment became dormant. Unless the judgment was revived within one year thereafter, it became dead.

By section 843, C. O. S. 1921, it is provided:

"If a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment."

In Neal v. LeBreton, 14 Okla. 538, 78 Pac. 376, it was held:

"A dormant judgment cannot be revived without the consent of the defendant unless such revivor is applied for within one year after the same has become dormant."

In Jones v. Nye, 56 Okla. 508, 156 Pac. 332, it was pointed out that the personal representative of the owner of a judgment, which became dormant by reason of the death of the judgment creditor, may sue on the dormant judgment and recover another judgment thereon without having first had the judgment sued on revived, but it was held that such suit must be commenced within the time a revivor can be had, because after the time when a dormant judgment can be revived in this state has expired, such judgment is no longer dormant, but is dead.

We think the proceeding in this case is no more than an attempt to revive a judgment obtained by one administrator by another administrator, after such judgment has become dead. We think this cannot be done in this state.

The judgment should be reversed, with directions to dismiss the action.

BENNETT, HERR, JEFFREY, and TEEHEE, Commissioners, concur.

By the Court: It is so ordered.