Argued May 30, affirmed in part;
reversed in part and remanded August 20, 1979

In the Matter of the Marriage of
WOODRUFF,
*Appellant,*
*and*
WOODRUFF,
*Respondent.*
(No. D7806-10235, CA 12692)
599 P2d 1182

Robert D. Rindfusz, Portland, argued the cause and filed the brief for appellant.

Levi J. Smith, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton, Buttler and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

In 1965 husband and wife, who then lived in Washington with their infant daughter, separated. Wife took the child with her to Iowa. There she instituted a URESA proceeding, which resulted in a Washington court ordering husband to pay $50 a month child support. Husband obtained a divorce in Washington in 1966. The divorce decree provided for $50 a month child support, payment of which was to be credited against the URESA obligation. Husband's payment record was spotty. In 1970 the Washington court raised the URESA support obligation to $75 a month. (The record reflects no modification of the divorce decree.) Wife and child were still living in Iowa.

On June 23, 1978, wife filed a petition in the Circuit Court of Oregon to register judgments reflected in the original and modified URESA orders and the divorce decree; she also requested that the amount of support be raised to $300 a month. The judgments were registered and husband was issued an order to show cause why the arrearages and accumulated interest—he had made no payments since 1970—should not be reduced to a final judgment, why the support obligation should not be increased to $300 a month and why judgment should not be entered against him for wife's costs, disbursements and attorney's fees.

On September 7 (*nunc pro tunc* August 21), 1978, Circuit Court Judge Riggs entered the following order by stipulation of the parties:

"1. Judgment shall be entered upon the records of this Court in the amount of $11,460.88 against respondent RAYMOND EUGENE WOODRUFF and in favor of petitioner NONA JANE WOODRUFF, said amount being the accumulated arrearage and interest through May 31, 1978 upon judgments of the Superior Court of the State of Washington in the County of Clark, in proceedings *** for child support

of the minor child of the parties TAMIR MARIE WOODRUFF, provided, however, that execution shall not issue upon said judgment so long as respondent complies with the remainder of this Order.

"2. The remainder of the relief sought by the petitioner herein, i.e. modification of child support and attorney's fees, shall await further proceedings herein.

"3. Pending these further proceedings and without prejudice to the position which may be taken by either party therein, effective September 1, 1978, respondent shall pay to petitioner the sum of $250.00 per month, $150.00 of which shall be current support for the minor child of the parties TAMIR MARIE WOODRUFF and the remaining $100.00 of which shall be applied upon the Judgment entered for arrearages herein. ***"

The parties also apparently agreed to postpone determination on the modification and attorney's fees issues for approximately two months and that the stay of execution be effective until that was done.

On October 13, 1978, husband filed a motion to reduce the support obligation under the registered judgments on the ground that

"[wife] has recently obtained an order reducing past arrearages to a judgment in the amount of $11,460.88. In the event that collection efforts, including wage garnishment or other matters, are engaged in with respect to this arrearage, respondent's financial resources will be so depleted that he will not be able to afford present amounts, or any amount as and for future child support. Further changes of circumstances are that mother's income has greatly increased since the entry of the support orders, and in the event that past support amounts are obtained by execution, such funds would be available for daughter's support."

On October 18, a hearing was held before Circuit Court Judge Deiz on the issues left open by the September 7 order. Wife testified that she was earning approximately $125 a week net as a geriatric aide and

that her monthly expenses exceeded her income by $300 or more. Husband, who had married a woman with two minor children, was earning about $1,500 a month gross, and his new wife was working part-time. He claimed that he could afford to pay at most $150 a month total, either on the arrearages or as current support or as a combination of the two.

The court denied wife's motion to modify support and ordered husband to pay $100 a month on the arrearages in addition to $75 current support. The order also provided that

"so long as respondent shall make said payments as required, petitioner shall cause no execution by garnishment or attachment to issue with respect to collection of support judgment arrearages from respondent's wages or other source of income."

Wife's requests for costs, disbursements and attorney's fees were denied. At that point she had submitted no evidence on the issue of attorney's fees. On October 30, four days after the order was signed, wife filed a statement of costs and disbursements claimed and an affidavit concerning attorney's fees.

Wife appeals. She argues that the trial court erred in enjoining her from enforcing the $11,460.88 judgment, in refusing to modify the current support obligation to $300 and in refusing to award her costs, disbursements and attorney's fees. On the modification point she contends in particular that the court should not in any way have considered the judgment for arrearages and the prospect of enforcement of that judgment in fixing current support.

The trial court determined that husband was able to pay $175 a month total in current support and satisfaction of arrearages. The court had the benefit of observing husband and hearing his testimony, and we see no basis in the record for disagreeing with that assessment. However, the court had no authority to enjoin enforcement of the $11,460.88 judgment by the procedures to which wife was entitled under ORS

24.060 and ORS chapter 23 or to alter the judgment to an installment obligation. ORS 107.135(2).[1] The restriction on enforcement of the judgment is therefore to be eliminated from the order. The related requirement that husband pay a monthly installment of $100 against arrearages is also to be stricken.

The effect of those modifications would be to leave husband's current support obligation at $75 a month. However, that is $100 less than the trial court found husband could now afford to pay. While it may be that if husband's wages are garnished to the full extent of the law he would be unable to afford even $75 a month current support, there has been no attempt to garnish and there may be none if he remains current. That is wife's choice. Husband's motion to reduce support in anticipation of garnishment was premature. The court should have set current support at the appropriate level in light of existing circumstances, *i.e.,* $175.[2]

Fixing current support at that amount does, of course, require modification of the registered Washington support orders. We have held that modification of a support order of another state under these circumstances is proper, with or without registration. *Walker v. Walker,* 26 Or App 701, 554 P2d 591, *rev den* (1976). The Washington orders were modifiable in Washington as to future payments. RCWA 26.09.170. On a sufficient showing of change of circumstances,[3]

---

[1] ORS 107.135(2):

"The decree is a final judgment as to any instalment or payment of money which has accrued up to the time either party makes a motion to set aside, alter or modify the decree, and the court does not have the power to set aside, alter or modify such decree, or any portion thereof, which provides for any payment of money, either for minor children or the support of a party, which has accrued prior to the filing of such motion."

[2] Whether it would ever be proper to consider a judgment for arrearages in fixing current support we need not now decide.

[3] In this context, the change of circumstances requirement must be applied to mean a change since the time of the most recent modification in Washington, rather than a change since the time the Washington judgments became "final" Oregon judgments.

they are also modifiable here. The circuit court's order is modified to award $175 a month child support.

■ The only remaining issue is the denial of costs and attorney's fees. ORS 24.140 provides:

> "When a registered foreign judgment becomes a final judgment of this state, the court shall include as part of the judgment interest payable on the foreign judgment under the law of the state in which it was rendered, and the cost of obtaining the authenticated copy of the original judgment. The court shall include as part of its judgment court costs incidental to the proceeding in accordance with the law of this state."

It is clear under that section that wife was entitled to the cost of obtaining the authenticated copies of the original judgments. She was also entitled to her costs and disbursements, other than attorney's fees, which were "incidental to the proceeding" by which the foreign judgments were made Oregon judgments. That does not include the costs incidental to the proceeding to modify, however, because that was not strictly part of the proceeding referred to in ORS 24.140. Awarding of those costs was discretionary. ORS 107.445. Furthermore, we do not interpret the term "court costs" to include attorney's fees.[4] We agree with the denial of an award of such fees. We remand the matter to the trial court for a determination of the allowable costs and disbursements incidental to the proceeding by which the Washington judgments became "final" judgments of this state.

Modified in part; reversed in part and remanded for a determination of costs and disbursements to be awarded wife in accordance with this opinion. Costs on appeal to appellant.

---

[4] The only similar case we have found in which attorney's fees were awarded is *Ehrenzweig v. Ehrenzweig*, 383 NYS2d 487, 86 Misc 2d 656 (1964). The award in that case was not based on the uniform act, but on a New York statute providing for attorney's fees award in applications concerning the maintenance of a child.