**GEARHART INDUSTRIES,
INC., Appellant,**

v.

**GRAYFOX OPERATING COMPANY,
Appellee.**

**No. 76859.**

Court of Appeals of Oklahoma,
Division No. 3.

April 14, 1992.

Don E. Gasaway, Tulsa, for appellant.

James M. Hinds, Tulsa, for appellee.

### OPINION

JONES, Judge:

Appellant Gearhart Industries, Inc. (Plaintiff below), seeks review of the trial court's order dismissing Plaintiff's Petition to Vacate Default Judgment. Plaintiff argues on appeal no notice of default judgment and objects to an award of attorney fees to Appellee Grayfox Operating Company (Defendant).

### FACTS

Plaintiff filed its original petition in the trial court on January 7, 1983, alleging monies owed on a contract. Defendant timely answered and filed a cross-petition praying for damages and attorney fees. On March 4, 1985, a Journal Entry of Judgment was filed in District Court dismissing Plaintiff's petition and awarding Defendant judgment and attorney fees on Defendant's cross-petition. Four years later, on March 9, 1989, Plaintiff filed its Petition to Vacate Default Judgment, alleging fraud, mistake, neglect, irregularity in obtaining judgment, and omission of the clerk in that no notice was given to the Plaintiff. Defendant answered and asked for attorney fees.

On July 11, 1990, the trial court issued its order dismissing Plaintiff's motion to vacate, noting Plaintiff's failure to submit two memorandums of law and an amended petition as ordered by the Court. The trial judge decreed Plaintiff's petition to vacate barred by the statute of limitations, and awarded Defendant costs. Plaintiff's Motion for New Trial was overruled, and we now address the issues on appeal raised by Plaintiff.

### NOTICE OF JUDGMENT

The crux of Plaintiff's argument (as best we can determine) is that the Journal Entry of March 4, 1985, was obtained by fraud and without notice to Plaintiff, therefore the trial court has the power to vacate the judgment pursuant to 12 O.S. § 1031. While the trial court unquestionably has the authority to vacate its orders, the limitation provisions of 12 O.S. §§ 95 and 1038 apply to the case at bar.

 Assuming Plaintiff's claim concerning lack of notice to be true, we find Plaintiff had *constructive* notice of the Journal Entry filed March 4, 1985, and the two year limitation period of §95(3) for fraud began to run. Therefore, Plaintiff's petition to vacate was barred from being brought more than two years after the judgment was entered of record. The District Court correctly found the present action was barred by the statute of limitations. In reviewing judgments which are not void on their face, as we have determined in this case, we cannot consider matters outside the judgment roll. *Panhandle Royalty Co. v. Farni*, 747 P.2d 932, 934 (Okl.1988). It is not necessary that Plaintiff have actual notice of the fraud. *Mattheuson v. Hilton*, 321 P.2d 396, 397 (Okl. 1958). Constructive notice of fraud from public records, required by law to be kept, is sufficient to set the statute of limitations in motion. *In re Woodward*, 549 P.2d 1207 (Okl.1976).

 Where the means of discovering fraud are in the hands of the party being defrauded, and the defrauding party has not covered up his fraud to the extent it would be difficult or impossible to discover,

the defrauded party will be deemed to have had notice of fraud from the date the means of discovering such fraud came into his hands, and fraud will be deemed to have been discovered upon that date. See *Woodward*, 549 P.2d at 1209. We find in the present case Plaintiff failed to exercise ordinary diligence that would have discovered the alleged fraud.

 Finally, Plaintiff accurately states the general rule that default judgments are viewed with disfavor. However, each case must depend on the facts of the particular case and a petition to vacate a judgment is addressed to the sound legal discretion of the trial court. *Chestnut v. Billings*, 452 P.2d 138 (Okl.1969). We find no abuse of discretion.

## ATTORNEY FEES

A separate hearing was held on September 24, 1990, to determine attorney fees. The trial court awarded Defendant attorney fees and costs, finding that "... a petition to vacate a judgment is an independent action and relates back to the original action. In this case, the original action determines whether or not the fee was allowable". The issue for our determination is whether the trial court properly allowed Defendant attorney fees pursuant to its order dismissing Petition to Vacate, and whether the Petition to Vacate related back to the original action.

 12 O.S. § 936 provides that the prevailing party in a civil action to recover under a contract for the sale of goods or for labor and services *"shall* be allowed a reasonable attorney fee to be set by the court...." (Emphasis added.) Here, Defendant prevailed at trial on a contract for goods, labor and services and is entitled to a reasonable attorney fee. The party who prevails at trial and is entitled to attorney fees under § 936 is also entitled to recover attorney fees incurred in successfully defending on appeal. *B & P Construction Co. v. Wells*, 759 P.2d 208 (Okl.1988). To hold otherwise would defeat the purpose of § 936 in making the prevailing party whole for all expenses incurred. This principle is equally applicable here, where the original judgment was vigorously defended against a later petition to vacate. Under the facts of this particular case, failing to award attorney fees for successfully defending a valid judgment four years later would result in a hollow victory, because the costs of defending that action would seriously decrease the damages awarded in the first instance. See *B & P Construction Co.*, 759 P.2d at 209.

The trial court correctly determined there was a sufficient relationship between the petition to vacate and the original action to warrant the granting of attorney fees.

AFFIRMED.

HANSEN, V.C.J., and HUNTER, J., concur.