2000 OK CIV APP 9

**Tina L. MARES, Plaintiff/Appellee,**

v.

**Floyd LOCKARD, Defendant/Appellant.**

**No. 92,239.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 15, 1999.

D. Todd Riddles, Oklahoma City, Oklahoma, For Appellant,

Bradley C. West, Shawnee, Oklahoma, For Appellee.

## OPINION

Opinion by CAROL M. HANSEN, Presiding Judge:

¶ 1 This auto negligence case was tried to a jury. Plaintiff (Tina K. Mares) offered evidence of her personal injuries and property damage. The jury returned a comparative negligence verdict, finding Plaintiff 50% at fault and awarding her $2,500.00 in damages. The trial court reduced her damage award to $1,250.00 to reflect her negligence.

¶ 2 Plaintiff filed an Application for Award of Attorney Fees and Costs wherein she sought attorney fees of $9,018.25 (this included a $2,000.00 "bonus" request) and costs of $79.00. Plaintiff relied on 12 O.S.1991 § 940(A) which awards attorney fees to a prevailing party on a property damage claim arising out of negligence. There is no statutory provision for an award of attorney fees in a personal injury negligence action. In her application, Plaintiff's counsel did not specifically designate the time he spent pursuing the personal injury portion of Plaintiff's claim and the property damage portion of the claim. The trial court awarded Plaintiff her entire attorney fee request, without the "bonus." Defendant appeals this latter ruling.

¶ 3 Defendant contends the general verdict prevents a determination Plaintiff prevailed on her property damage claim. Without a specific verdict on the property damage claim, Defendant argues Plaintiff cannot demonstrate the verdict included property damage. Current Oklahoma law indicates it is the appealing party who has the burden of demonstrating that a particular type of damages either was or was not included in a general jury verdict. See *Missouri, Kansas & Oklahoma Transit Lines, Inc. v. Jackson*, 1968 OK 28, 442 P.2d 287 wherein the plaintiff unsuccessfully argued the jury failed to award damages for pain and suffering, and *Burwell v. Oklahoma Farm Bureau Mutual Insurance Company*, 1995 OK CIV APP 50, 896 P.2d 1195. In that decision the defendant unsuccessfully argued the jury verdict included pain and

suffering damages. Moreover, considering the undisputed evidence in the record of some amount of property damage, we cannot say the trial court erred in concluding Plaintiff was the prevailing party on her property damage claim.

¶ 4 Defendant contends the trial court abused its discretion by not apportioning the attorney fee award to include only those fees related to Plaintiff's property damage claim. In *Sisney v. Smalley*, 1984 OK 70, 690 P.2d 1048, the Supreme Court affirmed the trial court's apportionment of an award of attorney fees. Therein, the trial court awarded the appellee 75% of his attorney fees based on undisputed evidence that 25% of the appellee's attorney's services were devoted to the defense of the personal injury claim and 75% of the services were devoted to the defense of the property damage claim.

¶ 5 In this case, in perusing the entries on the time sheet attachment to Plaintiff's application, this Court finds most of the entries are too vague to indicate for which claims counsel provided his services, the property damage claim, for which attorney fees are recoverable, or the personal injury claim, for which they are not. Because this Court is unable to determine which portion of the attorney fee was awarded for the property damage claim, that portion of the order awarding Plaintiff $7,018.25 in attorney fees is reversed and remanded for a determination of the prevailing party and of counsel's services relating to Plaintiff's property damage claim.

¶ 6 Defendant contends the trial court abused its discretion by not properly considering some of the factors set out in *Burk v. City of Oklahoma City*, 1979 OK 115, 598 P.2d 659, specifically the amount involved in the controversy and the result obtained. In this case, the amount in controversy in the property damage claim was approximately $1,800.00 and the attorney fee award was $7,018.25. There was no other Burk factor

present which would account for this fee to be so disproportionate. In *Southwestern Bell Telephone Company v. Parker Pest Control, Inc.*, 1987 OK 16, 737 P.2d 1186, the Supreme Court held that attorney fees must be reasonable under the particular circumstances of the case, and must bear some reasonable relationship to the amount in controversy.[1] Here, the attorney fee does not bear a reasonable relationship to the amount in controversy. The trial court abused its discretion in awarding Plaintiff an attorney fee of $7,018.25.

¶ 7 Defendant also argues the trial court abused its discretion in awarding Plaintiff more than 50% of the attorney fees related to her property damage claim. He points out the trial court accepted the verdict and entered the judgment, reducing the damage award from $2,500.00 to $1,250.00 to reflect Plaintiff's negligence. *See Smith v. Jenkins*, 1994 OK 43, 873 P.2d 1044. Thus, he contends, any award for attorney fees should be reduced. As authority, he cites *Smith v. Jenkins, supra*, wherein the Supreme Court, in a comparative negligence case involving both parties prevailing on a claim and a counterclaim, held: "... where, as here, both parties prevail on a claim and compulsory counterclaim that arises from the same tortious event-each party prevailing on its own claim against the other party must be allowed a counsel-fee award, which, once ascertained, should be reduced by the percentage of negligence ascribed by the fact trier."

¶ 8 However, Defendant has not cited this Court to any authority indicating that when a plaintiff has prevailed on her claims, her attorney fee should be reduced by the comparative fault. The holding in the *Smith* case was specifically limited to a situation involving both parties prevailing on their claims. Here, Plaintiff was the prevailing party. The trial court did not abuse its discretion by refusing to reduce her attorney fee by her percentage of her comparative fault.

1. In that case, the Supreme Court held the trial court abused its discretion in awarding $5,000.00 in attorney fees where the amount in controversy was $3,867.00.

¶9 Finally, because Defendant's proposition VI was not raised in the trial court, we may not now consider it. A claim first raised in an appellate brief will not be considered on appeal. *City of Tulsa v. Crain*, 573 P.2d 707 (Okla.1978).

AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS.

JONES, C.J., and ADAMS, J., concur.