2002 OK CIV APP 61

**HI–PRO ANIMAL HEALTH, a division of Friona Industries, L.P.,**
Plaintiff/Appellant,

v.

**Rusty HALVERSON, Individually and d/b/a Halverson Ranch,**
Defendant/Appellee.

No. 95,949.

Court of Civil Appeals of Oklahoma, Division No. 2.

April 16, 2002.

Sam L. Stein, Esq., Garner & Stein, L.L.P., Cherokee, OK, for Plaintiff/Appellant.

Rodney C. Ramsey, Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C., Oklahoma City, OK, for Defendant/Appellee.

Opinion by KEITH RAPP, Judge:

¶ 1 The trial court plaintiff, Hi–Pro Animal Health (Hi–Pro), appeals the decision of the trial court denying Hi–Pro's request for attorney fees in its action to domesticate a foreign judgment against the trial court defendant, Rusty Halverson (Halverson.)

## BACKGROUND

¶ 2 The facts are not disputed. Hi–Pro obtained a default judgment in Texas against Halverson on an account. The judgment included attorney fees according to Texas law.

¶ 3 Hi–Pro domesticated the judgment in Oklahoma pursuant to the Uniform Enforcement of Foreign Judgments Act. Halverson unsuccessfully challenged the jurisdiction of the Texas court by seeking to vacate the judgment in the Oklahoma action. Halverson filed a motion to reconsider and that, too, was denied.

¶ 4 Hi–Pro then requested attorney fees for successfully defending against the challenges to the domestication of the judgment. The trial court denied this request on the ground that no authority existed for an award of attorney fees. Hi–Pro appeals.

## STANDARD OF REVIEW

¶ 5 Whether a party is entitled to attorney fees presents a question of law. *Hawzipta v. Independent Sch. Dist. No. I–004 of Noble County,* 2000 OK CIV APP 113, ¶ 26, 13 P.3d 98, 103. Moreover, where the facts are not disputed an appeal presents only a question of law. *Baptist Bldg. Corp. v. Barnes,* 1994 OK CIV APP 71, ¶ 5, 874 P.2d 68, 69. The appellate court has the plenary, independent and nondeferential authority to reexamine a trial court's legal rul-

ings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.*, 1996 OK 125, 932 P.2d 1100 n. 1. Last, matters involving legislative intent present questions of law which are examined independently and without deference to the trial court's ruling. *Keizor v. Sand Springs Ry. Co.*, 1993 OK CIV APP 98, ¶ 5, 861 P.2d 326, 328.

## ANALYSIS AND REVIEW

¶ 6 Hi–Pro filed its action in Oklahoma pursuant to the Uniform Enforcement of Foreign Judgments Act. 12 O.S.1991, §§ 719–726. Thus, it did not elect to bring a separate enforcement action as permitted under Section 725.[1] In view of the strict interpretation given the American Rule by the Oklahoma Supreme Court, this Court must examine the Uniform Enforcement of Foreign Judgments Act, as enacted in Oklahoma, to ascertain whether it expressly authorizes the award of an attorney fee either as an aspect of the domestication action or as a form of continuation of the underlying action, and thus analogous to appeal related fees.

Absence of Express Provision in the Act

¶ 7 The Oklahoma Supreme Court recently reaffirmed that the American Rule governs the right of a litigant to recover fees; thus, there must be a statutory or contractual basis for the award. *Barnes v. Oklahoma Farm Bureau Mut. Ins. Co.*, 2000 OK 55, ¶ 46, 11 P.3d 162, 178–79. The Court strictly construes any authority for fees and expenses. *Borst v. Bright Mtg. Co.*, 1991 OK 121, 824 P.2d 1102 at n. 5; *Federal Financial Co. v. Grady County, Oklahoma*, 1999 OK CIV APP 90, 988 P.2d 908. In *Borst* the Court distinguished between prevailing in an action to collect on a promissory note and prevailing in an action to cancel the promissory note. The statute authorized an attorney fee only in the former case.

¶ 8 The former inquiry leads to a straightforward answer: The Act does not have an express provision for award of attorney fees, and, therefore, some other justification would be required to sustain Hi–Pro's argument

here. The decision of *Willhite v. Willhite*, 1976 OK 17, 546 P.2d 612, supports this conclusion.

¶ 9 The former wife in *Willhite* recorded her Texas decree under the Act. Subsequently, the former wife sought to garnish her ex-husband's wages to recover child support arrearages. He challenged the jurisdiction of the Oklahoma court and the sufficiency and effectiveness of the garnishment proceedings. In ruling against the ex-husband, the Court was called upon to address the former wife's request for attorney fees. Attorney fees were authorized by 12 O.S.1971, § 1276, now 43 O.S. Supp.2000, § 110, and by the garnishment statute, 12 O.S.1971, § 1190.

¶ 10 The Court denied attorney fees under either statute. Although the Court's Opinion did not discuss the matter of whether the Uniform Enforcement of Foreign Judgments Act authorized an award, the clear import of the ruling was that the Act did not authorize the award. *Willhite*, 1976 OK 17 at ¶ 23, 546 P.2d at 617.

¶ 11 Other jurisdictions also deny attorney fees when challenges are offered to the foreign judgment. The Washington Court of Appeals denied attorney fees because the Act did not provide for such fees in *Woodcraft Const. Inc. v. Hamilton*, 56 Wash.App. 885, 786 P.2d 307, 308 (1990). In that case, as here, the alleged judgment debtor, Hamilton, successfully defended a challenge to foreign judgment.

¶ 12 In *Dooley v. Rubin*, 422 Pa.Super. 57, 618 A.2d 1014, 1017–18 (1993), the judgment creditor also sought fees under the Act. The Court there did not disturb the fee award contained within the judgment, but denied further fees based upon the Act. The Court also denied fees on an alternative theory arguing that resisting the claim was bad faith.

¶ 13 The Oregon statute interpreted in *Woodruff v. Woodruff*, 41 Or.App. 529, 599 P.2d 1182 (1979), authorized recovery of

---

1. There are three ways, including family law instances, to enforce a sister state civil judgment. A common law action may be brought, the family law statutes may be employed, or the Uniform Act may be utilized. *Hudson v. Hudson*, 1976 OK CIV APP 47, ¶ 2, 569 P.2d 521, 523.

"court costs incidental to the proceeding."[2] In *Woodruff,* the wife successfully defended, on appeal, her foreign judgment and her right to enforcement of that judgment. However, the Oregon Court ruled that the Act's failure to specifically provide for attorney fees precluded the wife's claim for fees and that the provision for costs did not include attorney fees. *Woodruff,* 599 P.2d at 1184.

Fees Derived From the Underlying Action

¶ 14 Hi–Pro argues that it is entitled to an attorney fee because the underlying action resulting in judgment authorized an attorney fee. Hi–Pro equates this case to the situation in *Gearhart Industries, Inc. v. Grayfox Operating Co.,* 1992 OK CIV APP 44, 829 P.2d 1005.

¶ 15 In that case, Grayfox had prevailed in an action filed by Gearhart when the trial court entered a dismissal. Grayfox was awarded an attorney fee. Four years later Gearhart filed a petition to vacate that judgment. The petition to vacate was dismissed by the trial court and another attorney fee was awarded to Grayfox. On appeal, the Court ruled that there was sufficient connection between the Petition to vacate and the original action, which authorized a fee, so as to warrant an additional attorney fee award. *Gearhart Industries, Inc.,* 1992 OK CIV APP 44 at ¶ 10, 829 P.2d at 1007. The Court reasoned that the petition to vacate was analogous to an appeal and that an attorney fee was authorized just as it would be in the case of an appeal. The Court furthered reasoned that to disallow a fee under the facts of the case would defeat the legislative purpose of authorizing attorney fee recovery in actions to recover for sale of goods and services. *Id.* at ¶ 9, 829 P.2d at 1007.

¶ 16 Section 721 of the Act does provide as follows:

A copy of any foreign judgment authenticated in accordance with the applicable Act of Congress or of the statutes of this state may be filed in the office of the court clerk of any county of this state. The clerk shall treat the foreign judgment in the same manner as a judgment of the district court of any county of this state. *A judgment so filed has the same effect and is subject to the same procedures, defenses, and proceedings for reopening, vacating, or staying as a judgment of a district court of this state and may be enforced or satisfied in like manner.* Provided, however, that no such filed foreign judgment shall be a lien on real estate of the judgment debtor until a certified copy of the judgment so filed is also filed in the office of the county clerk in the county where the real estate is located. (Emphasis added.)

¶ 17 The question then becomes whether the language of Section 721, coupled with the approach in *Gearhart Industries, Inc.,* establishes a basis for the award of attorney fees. This Court answers the question in the negative because the underlying cause of action permits attorney fees does not in itself authorize a fee award in an action under the Uniform Enforcement of Foreign Judgments Act. The reasons for this conclusion follows.

¶ 18 First, a contrary conclusion necessarily disregards the strict construction of the American Rule consistently applied by the Oklahoma Supreme Court. Hi–Pro's argument requires that authority for fees be inferred. However, under the strict application of the American Rule of this State, the Act must unequivocally provide for attorney fees and it does not do so.

■ ¶ 19 Second, the Act does not provide for a continuation of the underlying action as in an appeal. The Act constitutes a means for enforcement of a judgment from another state, rather than a continuation of the cause of action, and, when filed, the out-of-state judgment becomes a new judgment in this State. *Drllevich v. Stock,* 1998 OK 39, 958 P.2d 1277. Again, *Willhite* is relevant because the Court there denied fees based upon the underlying action of divorce and garnishment. *Willhite,* 1976 OK 17 at ¶ 23, 546 P.2d at 617.

---

2. The provision for costs is found in Section 14 of the 1948 version of the Uniform Enforcement of Judgments Act. Oklahoma's version follows the 1964 rendition and neither the Oklahoma version nor the 1964 rendition includes the language of Section 14 from the 1948 version.

¶ 20 Third, considering the action on the judgment to be a continuation of the underlying action is inconsistent with the rule that the cause of action merged with the judgment. Upon entry of the judgment, the cause of action is merged in the judgment. The original cause of action loses its identity and character, and is changed and transformed into another cause of action, a judgment, and it can no longer be made the basis of another action. *Johnson v. State ex rel. Dept. of Public Safety,* 2000 OK 7, ¶ 9, 2 P.3d 334, 337; *Mason v. Finley,* 1928 OK 264, ¶¶ 6–7, 272 P. 408, 409; *Black v. Russell,* 1927 OK 485, ¶ 11, 266 P. 448, 449; *Cressler v. Brown,* 1920 OK 291, 192 P. 417, 421.

¶ 21 The merger rule applies in the context of an enforcement action for a judgment from another state. *Huntington Nat. Bank v. Sproul,* 116 N.M. 254, 861 P.2d 935, 939 (1993). As a consequence, the underlying authority for award of an attorney fee also merged into the judgment and ceased to exist, leaving no authority for an attorney fee award. *Woodcraft Const., Inc. v. Hamilton,* 56 Wash.App. 885, 786 P.2d 307, 308 (1990). In *Woodcraft* the promissory note which authorized attorney fees was merged into a judgment on the debt rendered in Alaska. When the judgment was enforced in Washington the Court there denied attorney fees because the Act carried no authority for fees and the underlying authority merged into the judgment.

¶ 22 In *Johnson,* the Court observed that the doctrine of merger will not be extended when to do so creates an inequitable result. *Johnson,* 2000 OK 7 at ¶ 11, 2 P.3d at 337. There, the rule would have prevented recovery on the underlying claim, but such is not the case here for Hi–Pro. Hi–Pro's judgment, which includes an attorney fee awarded by the court in Texas, is undiminished and, thus, its judgment will be enforced in Oklahoma. Moreover, Hi–Pro has not asserted a claim for fees based upon equitable considerations.

¶ 23 Thus, *Gearhart Industries, Inc.* may be distinguished because the facts there did not involve enforcement of another state's judgment pursuant to the Uniform Enforcement of Foreign Judgments Act. Moreover, if the result in *Gearhart Industries, Inc.* is extended to the present facts, then the case is inconsistent with *Willhite* and with the rulings from other jurisdictions.

## CONCLUSION

¶ 24 The American Rule regarding attorney fees receives strict application from the Oklahoma Supreme Court. The Uniform Enforcement of Foreign Judgments Act does not specifically provide for attorney fees. Moreover, the underlying action is no longer support for attorney fees in an action to enforce the judgment under the Act. Therefore, the trial court did not err in its judgment and will be affirmed.

¶ 25 AFFIRMED.

COLBERT, P.J., and GOODMAN, J., concur.