FILED
07/03/2019
Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 10, 2018 Session

## THE WOLF ORGANIZATION, INC. v. TNG CONTRACTORS, LLC

**Appeal from the Circuit Court for Davidson County**
**No. 16C819   Kelvin D. Jones, Judge**

_____

**No. M2018-00073-COA-R3-CV**

_____


Judgment creditor petitioned to enforce Pennsylvania default judgment under the Uniform Enforcement of Foreign Judgments Act. *See* Tenn. Code Ann. §§ 26-6-101 to -108 (2017). Judgment debtor moved for summary judgment, claiming that the Pennsylvania judgment was void because the court lacked personal jurisdiction. The trial court denied the judgment debtor's motion for summary judgment and later granted summary judgment to the judgment creditor. The trial court also denied the judgment creditor's subsequent motion to supplement the balance of the judgment to include post-judgment attorney's fees and expenses. Both parties raise issues on appeal. We conclude that the judgment debtor waived its personal jurisdiction defense in the Pennsylvania court. We further conclude that the judgment creditor could not seek an award of post-judgment attorney's fees and expenses in this enforcement action. So we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and ANDY D. BENNETT, J., joined.

Benjamin E. Goldammer and Michael A. Johnson, Nashville, Tennessee, for the appellant, TNG Contractors, LLC.

Joseph P. Rusnak, Nashville, Tennessee, for the appellee, The Wolf Organization, Inc.

# OPINION

## I.

The Wolf Organization, Inc. is a distributor of kitchen cabinets and other products, headquartered in York, Pennsylvania. Wolf received a credit application from TNG Contractors, LLC, a Tennessee limited liability company. After completing a credit check, Wolf opened a customer account for TNG. TNG purchased goods from Wolf, which Wolf shipped to Tennessee. But TNG did not pay all amounts Wolf invoiced for the goods.

In the Court of Common Pleas of York County, Pennsylvania, Wolf filed a complaint against TNG for breach of contract. When TNG did not respond to the complaint, Wolf sought entry of a default judgment.

## A.

A brief explanation of Pennsylvania civil procedure is necessary here. One unique aspect to civil procedure in Pennsylvania is the role of the prothonotary. The office of prothonotary is "a creation of Pennsylvania law or statewide procedure." Edward C. Sweeney, *Essential Practice Rules and Concepts in Offices of the Prothonotary-Part I*, 75 PA. B. ASS'N Q. 104, 105 (2004). Each county has a prothonotary who functions as the clerk of the court of common pleas. *See* 42 Pa. Stat. and Cons. Stat. Ann. § 2731 (West, Westlaw through 2019 Regular Sess. Act 9); *Brown v. Levy*, 73 A.3d 514, 519 (Pa. 2013). The prothonotary's role is ministerial, not judicial. *Gotwalt v. Dellinger*, 577 A.2d 623, 625 (Pa. Super. Ct. 1990). The prothonotary's authority to act is derived from Pennsylvania's statutes and procedural rules. *Id.*; *see* 42 Pa. Stat. and Cons. Stat. Ann. § 2737 (West, Westlaw through 2019 Regular Sess. Act 9) (prescribing the powers and duties of the office of the prothonotary).[1]

---

[1] Under Pennsylvania law, the prothonotary is empowered to:

(1) Administer oaths and affirmations and take acknowledgments pursuant to section 327 (relating to oaths and acknowledgments), but shall not be compelled to do so in any matters not pertaining to the proper business of the office.

(2) Affix and attest the seal of the court or courts to all the process thereof and to the certifications and exemplifications of all documents and records pertaining to the office of the prothonotary and the business of the court or courts of which it is the prothonotary.

(3) Enter all civil judgments, including judgments by confession.

(4) Enter all satisfactions of civil judgments.

Default judgments in Pennsylvania are entered by the prothonotary without judicial participation upon praecipe[2] of a party. *See* Pa. R. Civ. P. 237.1(a)(2), 1037(b). After receipt of the necessary documentation, the prothonotary will review the court record to see if it supports entry of a default judgment. *See id.* 237.1, 1037(b); *Gotwalt*, 577 A.2d at 625; *Bank One Del. N.A. v. Mitchell*, 70 Pa. D. & C.4th 353, 365-66 (Ct. Com. Pl. 2005), *aff'd sub nom. Bank One v. Mitchell*, 897 A.2d 512 (Pa. Super. Ct. 2006). Entry of a default judgment by the prothonotary "precludes the opponent from challenging his or her liability." *Mother's Rest. Inc. v. Krystkiewicz*, 861 A.2d 327, 335 (Pa. Super. Ct. 2004).

If the amount of the plaintiff's legal damages can be calculated from the verified complaint, the prothonotary will also assess damages. Pa. R. Civ. P. 1037(b)(1) (directing the prothonotary to assess damages if the amount "is a sum certain or which can be made certain by computation"). But the prothonotary is not authorized to order equitable relief. *See id*. 1037(d). So if the amount of damages is uncertain or the complaint requests equitable relief, "the trial court has the independent obligation to fashion the appropriate relief at a future date." *Mother's Rest. Inc.*, 861 A.2d at 335; *see* Pa. R. Civ. P. 1037(b)(1), (d).

An aggrieved party may petition the court for relief from a default judgment by filing a petition to strike and/or to open a default judgment. *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 918-19 (Pa. 1997). These are two distinct remedies under Pennsylvania law. *Id.* at 918. A petition to strike a default judgment "operates as a demurrer to the record." *Id.* The petition will be granted "if a fatal defect appears on the face of the record." *Id.* at 919; *see* Pa. R. Civ. P. 206.5(e). A petition to open a judgment is an equitable remedy. *Cintas Corp.*, 700 A.2d at 919. The petitioner must prove that the petition was timely, the failure to respond to the complaint was excusable, and the existence of a meritorious defense. *See Schultz v. Erie Ins. Exch.*, 477 A.2d 471, 472 (Pa. 1984). *But see* Pa. R. Civ. P. 237.3(b)(2) (providing that if the petition is filed within ten days of entry of the default judgment, the petitioner must only show a meritorious defense).

---

(5) Exercise the authority of the prothonotary as an officer of the court.

(6) Exercise such other powers and perform such other duties as may now or hereafter be vested in or imposed upon the office by law, home rule charter, order or rule of court, or ordinance of a county governed by a home rule charter or optional plan of government.

42 Pa. Stat. and Cons. Stat. Ann. § 2737.

[2] A praecipe is a "written motion or request seeking some court action, esp. a trial setting or an entry of judgment." *Praecipe*, BLACK'S LAW DICTIONARY (11th ed. 2019).

B.

Wolf sent TNG a ten-day notice of intent to take a default. *See* Pa. R. Civ. P. 237.1(a)(2)(ii). TNG did not respond. On July 13, 2015, Wolf filed a praecipe to enter default judgment "in the amount of $22,493.59 together with interest compounded monthly at the rate of 1.5%, from March 30, 2015, and legal fees plus costs to be determined." The prothonotary entered a default judgment against TNG that same day. The prothonotary then sent written notice to TNG of the entry of the default judgment. *See* Pa. R. Civ. P. 236.

On August 14, 2015, TNG filed a petition to open default judgment accompanied by a proposed answer.[3] In its petition, TNG explained that, although it received a copy of the complaint and the notice of default, it did not file an answer because it was in "active negotiations with Plaintiff [about] defects and other issues with the products sent to Defendant by Plaintiff." TNG asked the court to set aside the default and allow it to file an answer disputing the amount owed. The court denied the petition on November 16, 2016. TNG's subsequent appeal to the Pennsylvania Superior Court was unsuccessful. Notably, TNG never raised the issue of personal jurisdiction.

C.

On March 23, 2016, in the Circuit Court for Davidson County, Tennessee, Wolf filed a petition to enforce foreign judgment under the Uniform Enforcement of Foreign Judgments Act ("UEFJA"). *See* Tenn. Code Ann. §§ 26-6-101 to -108 (2017). In response, TNG raised, for the first time, the issue of whether the Pennsylvania court lacked personal jurisdiction in the underlying action. On July 5, 2017, TNG sent Wolf discovery requests, including a set of requests for admission, focused primarily on the issue of personal jurisdiction. But before a response was due, the circuit court granted Wolf's petition.

TNG then filed a motion to alter or amend. And on September 6, 2017, the court set aside its original order and scheduled a trial to determine the validity of the Pennsylvania judgment.

TNG then moved for summary judgment arguing that the Pennsylvania court lacked both general and specific personal jurisdiction. TNG's motion and statement of

---

[3] Because TNG's petition to open was filed more than ten days after entry of the default judgment, TNG was required to establish that the petition was timely, the failure to respond to the complaint was excusable, and the existence of a meritorious defense. *See Schultz*, 477 A.2d at 472; *cf.* Pa. R. Civ. P. 237.3(b)(2).

undisputed material facts relied exclusively on a declaration from Mr. Akbar Arab.[4]  In response, Wolf argued that TNG was not entitled to summary judgment because TNG had waived its jurisdictional defense by failing to raise it in Pennsylvania.  Wolf also filed its own motion for summary judgment.

Two days before the hearing on TNG's motion, TNG changed strategies and argued that lack of personal jurisdiction had been conclusively established by Wolf's failure to respond to TNG's requests for admission within thirty days.  *See* Tenn. R. Civ. P. 36.01.  Although the requests had been served on July 5, Wolf did not respond until October 16.  According to TNG, by failing to submit a timely response, Wolf had admitted all the facts necessary to conclude that the Pennsylvania court lacked personal jurisdiction over TNG.  Among other things, TNG requested that Wolf admit that "Pennsylvania courts do not have personal jurisdiction over Defendant."

The circuit court denied TNG's motion.  Shortly thereafter, the parties agreed that a trial on the validity of the Pennsylvania judgment was unnecessary because the issue of whether the Pennsylvania court had personal jurisdiction over TNG could be decided in the context of Wolf's pending motion for summary judgment.

On December 28, 2017, the court granted Wolf summary judgment.  The court determined that TNG had waived its jurisdictional argument by failing to contest jurisdiction in its Pennsylvania court filings.  So the court granted Wolf's petition to enforce the foreign judgment.

Later, Wolf asked the trial court to award an additional $15,950.50 in attorney's fees and expenses incurred since March 1, 2016.  Wolf argued that TNG had agreed in the credit application that if the account was referred for collection, it would pay "reasonable costs incurred, including attorney's fee[s]."  The court denied Wolf's request.

## II.

Both parties have raised issues on appeal.  TNG argues that the trial court erred in denying its motion for summary judgment.  TNG also claims that the trial court failed to consider the effect of Wolf's untimely response to its requests for admission.  Wolf contends that the trial court's summary judgment decision was correct, but the court erred in denying its motion for a supplemental award of attorney's fees and expenses.

---

[4] Mr. Arab's declaration was not included in the appellate record, but was attached to TNG's brief on appeal.  *See* Tenn. R. App. P. 13(c) (limiting this court to consideration of "those facts established by the evidence in the trial court and set forth in the record").  It is well settled that attaching a document to an appellate brief does not supplement the record on appeal.  *Jennings v. Sewell-Allen Piggly Wiggly*, 173 S.W.3d 710, 712 (Tenn. 2005).

A.

The UEFJA, as codified in Tennessee, provides a streamlined process for the enrollment and enforcement of a foreign judgment. *See* Tenn. Code Ann. §§ 26-6-101 to -108; *Baumann v. Williams*, No. M2006-00962-COA-R3-CV, 2007 WL 3375365, at *2 (Tenn. Ct. App. Nov. 13, 2007). The petitioner must file an authenticated copy of the foreign judgment with the court clerk along with an affidavit containing the names and last known addresses of the parties. Tenn. Code Ann. §§ 26-6-104(a), -105(a); Tenn. R. Civ. P. 3A.01. Then the clerk will issue a summons. Tenn. Code Ann. § 26-6-105(b); Tenn. R. Civ. P. 3A.03(2). After filing, the foreign judgment "has the same effect and is subject to the same procedures, defenses and proceedings for reopening, vacating, or staying as a judgment of a court of record of this state and may be enforced or satisfied in like manner." Tenn. Code Ann. § 26-6-104(c). Thirty days after service of the summons, if the judgment debtor has taken no action, the judgment creditor may enforce the judgment. *Id.* § 26-6-105(c); Tenn. R. Civ. P. 3A.04. No additional court orders are required. *McCall v. Johnson*, No. 01A01-9408-CH-00392, 1995 WL 138898, at *2 (Tenn. Ct. App. Mar. 31, 1995).

TNG objected to enforcement of the Pennsylvania judgment based on lack of personal jurisdiction. The UEFJA applies only to foreign judgments "which [are] entitled to full faith and credit in this state." Tenn. Code Ann. § 26-6-103. It is well established that judgments issued without personal jurisdiction are not entitled to full faith and credit. *Four Seasons Gardening & Landscaping, Inc. v. Crouch*, 688 S.W.2d 439, 442 (Tenn. Ct. App. 1984). Because our courts presume that the decrees of our sister states are valid, the party attacking the validity of the foreign judgment bears a heavy burden of proof. *Id.* at 441-42; *Biogen Distribs., Inc. v. Tanner*, 842 S.W.2d 253, 256 (Tenn. Ct. App. 1992).

Whether to afford full faith and credit to a foreign judgment is a question of law, which we review de novo with no presumption of correctness. *First State Bank of Holly Springs, Mississippi v. Wyssbrod*, 124 S.W.3d 566, 573 (Tenn. Ct. App. 2003). Summary judgment is an appropriate mechanism to decide this issue so long as there are no disputes as to any material fact and the movant is entitled to judgment as a matter of law. *See Coastcom, Inc. v. Cruzen*, 981 S.W.2d 179, 181 (Tenn. Ct. App. 1998); *Biogen Distribs., Inc.*, 842 S.W.2d at 255.

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04; *see also Martin v. Norfolk S. Ry. Co.*, 271 S.W.3d 76, 83 (Tenn. 2008). As with all summary judgment decisions, we must review the record de novo and make a fresh determination of whether the requirements of Tennessee Rule of Civil Procedure 56 have been met. *Eadie v. Complete Co.*, 142

6

S.W.3d 288, 291 (Tenn. 2004); *Blair v. W. Town Mall*, 130 S.W.3d 761, 763 (Tenn. 2004).

1. Requests for Admission

TNG maintains that Wolf admitted that the Pennsylvania court lacked personal jurisdiction by failing to respond to TNG's requests for admission. Requests for admission are a "useful tool" for narrowing the issues for trial. *Tenn. Dep't of Human Servs. v. Barbee*, 714 S.W.2d 263, 266 (Tenn. 1986). Under Rule 36, failure to respond to a written request for admission within thirty days after service of the request is deemed an admission. Tenn. R. Civ. P. 36.01. Unless withdrawn or amended, a Rule 36 admission "is conclusively established." *Id.* 36.02. No further proof is necessary, and "no evidence should be permitted to refute it." *Tenn. Dep't of Human Servs.*, 714 S.W.2d at 267.

The trial court decided TNG's motion for summary judgment without reference to the requests for admission. Based on this record, we conclude that the trial court did not err because TNG waived any reliance on the requests by waiting until the last minute to bring this issue to the attention of the trial court. The thirty-day response window ended after the trial court initially granted Wolf's petition. At that point, the case was seemingly over. After the case was reopened, TNG never resubmitted the requests or sought the court's guidance on the status of the original requests. And when TNG moved for summary judgment, it relied exclusively on other evidence even though Wolf had not yet responded to the requests. TNG only raised the issue of the requests for admission a mere two days before the scheduled motion hearing, two weeks after receiving a response to the requests.

Our supreme court faced an analogous situation in a paternity case, *Tennessee Department of Human Services v. Barbee*, 714 S.W.2d 263 (Tenn. 1986). After the plaintiff submitted her requests for admission on the issue of paternity, the court entered a default judgment. *Barbee*, 714 S.W.2d at 264-65. The default judgment was later set aside, and the case proceeded to trial. *Id.* at 265. At trial, the plaintiff asked the court to instruct the jury that paternity was conclusively established based on the defendant's failure to respond to her requests for admission. *Id.* The trial court denied the request, and the supreme court affirmed. *Id.* at 267. The supreme court explained that Rule 36 admissions should be brought to the trial court's attention in a discovery motion, during a pretrial conference, or through a motion for summary judgment. *Id.* at 266. The court noted that the plaintiff was not prejudiced or misled by the trial court's decision because the defendant had denied paternity from the beginning. *Id.* at 267. Emphasizing the highly unusual circumstances of the case, the court held that "[a]ny reliance on the admissions by Plaintiff was waived when she failed to seek guidance in the trial court on the status of her Rule 36 requests prior to trial." *Id.*

Faced with another "highly unusual" case, we conclude that TNG waived any reliance on Wolf's failure to respond to the requests for admission within thirty days. So the issue of personal jurisdiction must be determined by application of Pennsylvania law to the undisputed facts in the record, without reference to the requests for admission. *See Biogen Distribs., Inc.*, 842 S.W.2d at 256-57.

2. Personal Jurisdiction

We look to the law of the forum state to determine whether the Pennsylvania court had personal jurisdiction over TNG. *See Four Seasons Gardening & Landscaping, Inc.*, 688 S.W.2d at 442. The Pennsylvania long-arm statute permits the exercise of jurisdiction over non-resident defendants to the fullest extent allowed by the U.S. Constitution. *See* 42 Pa. Stat. and Cons. Stat. Ann. § 5322(b) (West, Westlaw through 2019 Regular Session Act 9); *Kachur v. Yugo Am., Inc.*, 632 A.2d 1297, 1298 (Pa. 1993).

The nature and quality of the non-resident defendant's activities in the forum state determine whether the exercise of personal jurisdiction comports with due process. *Mendel v. Williams*, 53 A.3d 810, 817 (Pa. Super. Ct. 2012). A court may exercise specific personal jurisdiction if the non-resident defendant has sufficient minimum contacts with the forum state that the exercise of personal jurisdiction would be fair and reasonable. *Kubik v. Letteri*, 614 A.2d 1110, 1113 (Pa. 1992). The exercise of general personal jurisdiction is allowed when the defendant's activities in the forum are "continuous and substantial." *Commonwealth ex rel. Pappert v. TAP Pharm. Prods., Inc.*, 868 A.2d 624, 628 (Pa. Commw. Ct. 2005).

TNG argues that the facts in this record fail to establish "constitutionally sufficient minimum contacts between Pennsylvania and [TNG]." Wolf contends that no minimum contact analysis is required here because TNG waived any objections to personal jurisdiction under Pennsylvania law. We agree with Wolf's contention. *See Biogen Distribs., Inc.*, 842 S.W.2d at 256-57 (holding that judgment debtor's claim of insufficient minimum contacts was irrelevant since he failed to raise issue of personal jurisdiction in answer filed in forum state).

Personal jurisdiction issues "must be raised at the first reasonable opportunity or they are lost." *Manack v. Sandlin*, 812 A. 2d 676, 683 (Pa. Super. Ct. 2002). To determine whether a party has waived its jurisdictional objections, Pennsylvania courts apply their rules of civil procedure. *Monaco v. Montgomery Cab Co.*, 208 A.2d 252, 254 n.1 (Pa. 1965).

In Pennsylvania, "[p]reliminary objections are the exclusive means by which to raise the question of *in personam* jurisdiction." *Roskwitalski v. Reiss*, 487 A.2d 864, 868 (Pa. Super. Ct. 1985); *see also Monaco*, 208 A.2d at 254 n.1; Pa. R. Civ. P. 1028(a)(1). Preliminary objections are pleadings and must be filed within twenty days of service of a

complaint. *Monaco*, 208 A.2d at 254 n.1. Failure to raise the question of personal jurisdiction in preliminary objections is deemed a waiver of that issue. *Yentzer v. Taylor Wine Co.*, 186 A.2d 396, 398 (Pa. 1962); *see also* Pa. R. Civ. P. 1032(a) (providing that "all defenses and objections which are not presented either by preliminary objection, answer or reply" are waived); *Commonwealth ex rel. Cook v. Cook*, 449 A.2d 577, 582 (Pa. Super. Ct. 1982) (holding failure to raise jurisdictional issue in preliminary objections constituted a waiver).

If TNG had never filed any pleadings in the Pennsylvania litigation, waiver would not be an issue here. *See Manack*, 812 A.2d at 683 n.4. But TNG sought relief from the default judgment by filing a petition to open the judgment with an attached answer. *See* Pa. R. Civ. P. 237.3(a). Contrary to TNG's argument on appeal, the petition to open default judgment was not a mere procedural device. It was an appeal to the equitable power of the Pennsylvania court seeking to set aside the default judgment and allow TNG to file the proposed answer. *See Cintas Corp.*, 700 A.2d at 919. In both the petition and the proposed answer, TNG asserted that it had a meritorious defense to the complaint, namely that the products received from Wolf were "defective, damaged and did not adhere to the specifications provided." After the court refused to reopen the default judgment, TNG filed an unsuccessful appeal to the Pennsylvania Superior Court.

Most importantly, TNG never questioned the personal jurisdiction of the Pennsylvania court in its petition or answer. *See* Pa. R. Civ. P. 206.1(b) ("All grounds for relief, whether to strike or open a default judgment, shall be asserted in a single petition."); *cf. Holden v. Holden*, 542 A.2d 557, 558, 561-62 (Pa. Super. Ct. 1988) (noting that the defendant alleged lack of personal jurisdiction in the petition to open default judgment). Failure to raise personal jurisdiction at the earliest possible opportunity is a waiver. *See* Pa. R. Civ. P. 1032(a); *see also Manack*, 812 A.2d at 683 (holding that defendant waived issue of lack of personal jurisdiction when he failed to raise the issue "by preliminary objections or in his Motion to Vacate Default Judgment").

Under Pennsylvania's rules, TNG could have preserved the jurisdictional issue by attaching preliminary objections to the petition to open default judgment. *See* Pa. R. Civ. P. 237.3(a) (providing that an answer or preliminary objections "which the petitioner seeks leave to file" should be attached to the petition). The comments to Rule 237.3 explain that the attachment requirement "enables the court to determine . . . whether . . . one or more of the preliminary objections has merit, or the answer alleges a meritorious defense." Pa. R. Civ. P. 237.3 explanatory cmt. to 1994 amendment; *see also Atl. Credit & Fin., Inc. v. Giuliana*, 829 A.2d 340, 343 (Pa. Super. Ct. 2003) (holding that petitioner may establish meritorious defense by attaching preliminary objections, rather than an answer, to a petition to open). But TNG chose to present a defense on the merits rather than assert lack of personal jurisdiction. When a defendant takes action on the merits "beyond the mere filing of an appearance by the party seeking not to be bound" personal

jurisdiction issues are waived. *Hoeke v. Mercy Hosp. of Pittsburgh*, 386 A. 2d 71, 74-75 (Pa. Super. Ct. 1978).

We conclude that the trial court properly denied TNG's motion for summary judgment. Based on the undisputed facts in the record, TNG waived any personal jurisdictional issues by seeking to open the Pennsylvania default judgment without raising the issue of personal jurisdiction.

B.

For its part, Wolf complains that the Tennessee court erred in denying its request to "supplement[] the judgment balance" to include costs and attorney's fees incurred since March 1, 2016. The Pennsylvania judgment did not award a specific amount of attorney's fees. Rather, the judgment left the amount of the fees and costs to be determined. As discussed previously, the prothonotary may only assess damages in an amount that can be calculated from the complaint. *See* Pa. R. Civ. P. 1037(b)(1). If a judgment creditor seeks additional damages, the creditor may petition the court to reassess damages after entry of the judgment. *See EMC Mortg., LLC v. Biddle*, 114 A.3d 1057, 1061 (Pa. Super. Ct. 2015); *see also Samuel-Bassett v. Kia Motors Am., Inc.*, 34 A.3d 1, 49 (Pa. 2011) (explaining that in Pennsylvania "a petition for attorneys' fees is an ancillary matter, which the trial court retains authority to decide after entry of judgment on the verdict").

Wolf did not petition the Pennsylvania court to award post-judgment attorney's fees. Instead, Wolf chose to register and enforce the Pennsylvania judgment in Tennessee under the UEFJA. The UEFJA does not authorize an award of attorney's fees. *See* Tenn. Code Ann. §§ 26-6-101 to -108; *Hi-Pro Animal Health v. Halverson*, 2002 OK CIV APP 61, ¶ 8, 48 P.3d 119, 121 (noting that Oklahoma's version of the UEFJA "does not have an express provision for award of attorney fees"); *Woodcraft Constr., Inc. v. Hamilton*, 786 P.2d 307, 308 (Wash. Ct. App. 1990) (finding no statutory basis for an award of attorney's fees in Washington's version of UEFJA).

And Wolf's reliance on the underlying credit agreement to support its claim for attorney's fees is misplaced. This is not a breach of contract action. Rather, it is an action seeking to register and enforce a foreign judgment. *See In re Proceeding to Enforce Judgment Against Nat'l Partitions, Inc.*, No. E2016-00339-COA-R3-CV, 2017 WL 1149208, at *10 (Tenn. Ct. App. Mar. 27, 2017) ("The Plaintiffs' action to enroll its Illinois judgment in Tennessee is a separate action from its breach of contract action in Illinois."). The issue before the trial court was whether to give full faith and credit to the Pennsylvania judgment. *See id.* at *4 (noting that the UEFJA "codifies the Full Faith and Credit clause"). The merits of the underlying litigation, including the amount of damages awarded, were irrelevant. *See Benham v. Fisher*, 650 S.W.2d 759, 760 (Tenn. Ct. App. 1983).

**III.**

The trial court did not err in denying TNG's motion for summary judgment. Based on the unusual circumstances of this case, we conclude that TNG could not rely on its requests for admission even though Wolf did not timely respond to the requests. We further conclude that TNG waived its personal jurisdiction defense in the Pennsylvania action. The trial court also did not err in denying Wolf's motion to supplement the judgment balance. So we affirm the trial court's decision in all respects.

_____
W. NEAL MCBRAYER, JUDGE

11