[No. 9769-2-III. Division Three. February 13, 1990.]

WOODCRAFT CONSTRUCTION, INC., ET AL, *Appellants,* v. PAUL S. HAMILTON, ET AL, *Respondents.*

*Robert Scanlon* and *Dellwo, Rudolf & Schroeder,* for appellants.

*Cynthia Imbrogno* and *Preston, Thorgrimson, Ellis & Holman,* for respondents.

MUNSON, C.J.—Woodcraft Construction, Inc., obtained a default judgment in Alaska against Paul S. Hamilton, Leonard Hamilton, and Kenneth R. Bogner. After executing upon property in Alaska, a deficiency remained. Woodcraft then filed the Alaska judgment in Spokane County Superior Court pursuant to the Uniform Enforcement of Foreign Judgments Act, RCW 6.36.

Woodcraft sought to collect that deficiency from the Hamilton community property and Mrs. Ruth Hamilton, wife of Leonard Hamilton and mother of Paul S. Hamilton. Mrs. Hamilton challenged Woodcraft's right on the basis that this was not a community debt, that she had not approved of it, and that the community had neither ratified nor benefited from the debt.[1] After significant discovery and a hearing, the court found neither Mrs. Hamilton nor the community was liable for the debt. Although there exists a presumption that any debt incurred by either spouse during marriage is a community debt, the court determined Mrs. Hamilton overcame the presumption by clear and convincing evidence. *Oil Heat Co. of Port*

---

[1]The original suit was on a promissory note bearing the names of Paul S. and Leonard Hamilton and Kenneth Bogner. Evidence shows that Leonard Hamilton had told his son, Paul S., that he would not be a party to the note, that he was not authorized to sign his name, and that he wanted no part of it. Contrary to his father's statement, Paul S. Hamilton signed his father's name to the note.

*Angeles, Inc. v. Sweeney,* 26 Wn. App. 351, 353, 613 P.2d 169 (1980). Furthermore, the court awarded Mrs. Hamilton attorney fees and costs in defending this action against Woodcraft.

The only issue on appeal is whether Mrs. Hamilton is entitled to her attorney fees and costs.

■ In Washington, attorney fees are not generally recoverable in a civil action unless they are specifically authorized by statute, by agreement of the parties, or upon a recognized equitable ground. *Clark v. Horse Racing Comm'n,* 106 Wn.2d 84, 92, 720 P.2d 831 (1986); *Crane Towing, Inc. v. Gorton,* 89 Wn.2d 161, 176, 570 P.2d 428, 97 A.L.R.3d 482 (1977); *Day v. Moore,* 771 P.2d 436 (Alaska 1989).

In neither RCW 6.32, proceedings supplemental to execution, nor RCW 6.36, Uniform Enforcement of Foreign Judgments Act, is there a provision for prevailing party to obtain attorney fees; thus, there is no statutory basis for the award.

The trial court stated as one of its alternative bases for the award that it was relying upon Alaska Rule of Civil Procedure 82(a)(2) which provides in part:

> In actions where the money judgment is not an accurate criteria for determining the fee to be allowed to the prevailing side, the court shall award a fee commensurate with the amount and value of legal services rendered.

It is agreed the note which formed the basis of this action in Alaska contained a provision for attorney fees and costs. We presume the Alaska court took that into consideration when it entered its default judgment as to the amount owing, plus attorney fees and costs. The action here not being the original action on the note, the rule cited is not applicable. Furthermore, during this action the Superior Court held that Washington law was applicable, a ruling which is not challenged on appeal.

The court also based its award on this court's holding in *Klaas v. Haueter,* 49 Wn. App. 697, 707, 745 P.2d 870

(1987). *Klaas* is distinguishable in that it arose when a realtor sought to recover his real estate commission on the basis of a listing agreement signed only by the husband. We permitted the wife and the marital community to recover attorney fees and costs, based upon the language of the listing agreement which awarded those fees and costs to the prevailing party. That too was a matter before the trial court and this court on appeal. It did not involve postjudgment action. An appeal from a judgment entered in the trial court is not final until it is affirmed and the case mandated. Thus, provisions in a contract or a note providing attorney fees do apply until the judgment is final, *Puget Sound Mut. Sav. Bank v. Lillions,* 50 Wn.2d 799, 314 P.2d 935 (1957), *cert. denied,* 357 U.S. 926 (1958); RCW 4.84-.330.

■ However, as noted in *Caine & Weiner v. Barker,* 42 Wn. App. 835, 837, 713 P.2d 1133 (1986): "As a general rule, when a valid final judgment for the payment of money is rendered, the original claim is extinguished, and a new cause of action on the judgment is substituted for it."

Here, as in *Caine,* the judgment based upon the promissory note extinguished the note and the debtor then became obligated on the judgment. The attorney fee provision of the note merged into the judgment and ceased to exist. Therefore, there was no contractual basis upon which to award attorney fees and costs to either party.

Last, we do not find a recognized equitable ground upon which to award Mrs. Hamilton her attorney fees and costs. We have distinguished the bases upon which the trial court awarded fees; Mrs. Hamilton has not shown any statutory basis; and her contention the language of the note is sufficient upon which to award her fees and costs is of no avail. Having so held, we need not address the reasonableness of the fees awarded.

The judgment is reversed.

GREEN and THOMPSON, JJ., concur.

Reconsideration denied March 14, 1990.