IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

FREDERICK REYNOLDS,

      Respondent/Cross-Appellant,

      v.

JOSANNE B. LOVICK,

      Appellant/Cross-Respondent.

No. 85824-6-I

DIVISION ONE

UNPUBLISHED OPINION

COBURN, J. — In 2018, the superior court entered a default order and judgment against Josanne Lovick in favor of Frederick Reynolds. Almost five years later, Lovick filed two motions seeking to vacate the judgment. The trial court denied both motions. The trial court denied Reynolds's request for attorney fees when it denied Lovick's first motion, but awarded fees to Reynolds in connection with the second motion. Both parties appeal. Because the trial court imposed attorney fees under CR 11 without requisite findings to support the sanction, we remand for reconsideration of the award. We otherwise affirm the trial court's orders.

FACTS

On September 6, 2018, Frederick Reynolds filed a complaint for damages against Josanne Lovick seeking to recover amounts allegedly due under a promissory note and a subsequent loan. Reynolds asserted claims of breach of contract and

quantum meruit, and sought damages of $22,000, plus interest. On September 12, 2018, Reynolds served Lovick with the summons and complaint in Whatcom County. Twenty days later, at 4:20 p.m. on October 2, 2018, Lovick filed an "answer" in superior court.[1] See CR 12(a)(1) (defendant must answer within 20 days after service of the summons and complaint).

The next morning, however, on October 3, 2018, Reynolds filed an ex parte motion for an order and judgment of default. Reynolds asserted that Lovick had neither answered the complaint nor appeared in the proceeding. At 8:34 a.m. on the ex parte calendar, the trial court entered an order and judgment of default for a principal amount of $22,000, plus interest, costs, and attorney fees, for a total of $26,764.02.

Lovick became aware of the default judgment against her, at the latest, on March 2, 2019. Upon receipt of Reynolds's demand for payment, Lovick reviewed the court filings, alerted Reynolds to the error, and sent him a copy of the answer filed on October 2, 2018. When Lovick did not hear from Reynolds for several months following this exchange, she assumed he did not intend to collect on the judgment.

However, on August 26, 2020, Lovick received another demand from Reynolds, and decided to seek legal advice. According to Lovick, she consulted an attorney in California who failed to inform her that she could move to set aside the default judgment. With the attorney's assistance, Lovick drafted and sent a letter to Reynolds in September 2020 stating her belief that the default judgment was entered in error. Lovick also informed Reynolds that she was exploring the possibility of "reopening" the

---

[1] Although Lovick's filing was titled "Letter of Acknowledgement," the substance was clearly responsive to the allegations and claims in Reynolds's complaint.

case by means of a lawsuit and she intended to initial legal action to recover outstanding sums Reynolds owed her.  In 2021, Lovick paid Reynolds $10,000, in partial satisfaction of the default judgment.  Lovick later explained that she was required to pay that amount to Reynolds to discharge a lien and facilitate the sale of Washington real property.

On July 27, 2023, four years and nine months after entry of the default judgment, Lovick filed a motion to vacate the judgment, arguing, among other things, that the default judgment was void for the failure to provide notice before entering default judgment and because Reynolds misrepresented facts in obtaining the judgment.  In Lovick's declaration supporting her motion, she acknowledged the $20,000 loan from Reynolds memorialized in a promissory note.  Lovick claimed that Reynolds owed her an approximately equivalent amount in compensation for work she performed related to a home he purchased.

Reynolds opposed the motion to vacate.  In support of Reynolds's response, his attorney stated that, on October 3, 2018, he was unaware that Lovick had filed an answer to the complaint in superior court the day before.

At the hearing on the motion to vacate, the trial court explained that it would not have been aware of Lovick's filing at the time it entered the default order and judgment because the document would not have been scanned or accessible to the court at an 8:30 a.m. hearing.  The court concluded that although there was a procedural error in the entry of the default order and judgment after Lovick responded to the complaint, the judgment was voidable, but not void.  The trial court also denied Lovick's motion

because she failed to file a motion within a reasonable time, did not demonstrate a basis to vacate under CR 60(b), or establish a prima facie defense. The trial court denied Reynolds's request for attorney fees under a provision of the promissory note.

Six weeks after the trial court denied Lovick's motion, Lovick filed a second motion seeking to "set aside the order of default and vacate the default judgment." Lovick again argued, among other things, that the default order was void because she was not in default when the court entered the order and entry of default without notice violated her right to due process.

The trial court denied Lovick's second motion. The court observed that Lovick's second motion was essentially a motion for reconsideration and untimely because it was not asserted within 10 days, as CR 59 requires. The court also ruled that the October 3, 2018 order of default and judgment were not void, Lovick failed to move to vacate the judgment within a reasonable time, and failed to establish a basis to set aside or vacate under CR 55 or CR 60. This time, the trial court awarded attorney fees to Reynolds under the promissory note and as a sanction under CR 11.

Both parties appeal.

DISCUSSION

"Finality of judgments is a central value in the legal system, but circumstances can arise where finality must give way to the greater value that justice be done." Shandola v. Henry, 198 Wn. App. 889, 895, 396 P.3d 395 (2017). CR 60(b) provides a "balance between finality and fairness by listing limited circumstances under which a judgment may be vacated." Id. Relevant here, CR 60(b) provides that "[o]n motion and

upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding" for these reasons:

(4) Fraud [ ], misrepresentation, or other misconduct of an adverse party;

(5) The judgment is void;

. . . ;  or

(11) Any other reason justifying relief from the operation of the judgment.

 "[R]eview of a CR 60(b) decision is limited to the trial court's decision, not the underlying order the party seeks to vacate." In re Marriage of Persinger, 188 Wn. App. 606, 609, 355 P.3d 291 (2015).  Generally, we will not overturn a trial court's decision on a CR 60(b) motion to vacate unless it plainly appears that the trial court abused its discretion.  Luckett v. Boeing Co., 98 Wn. App. 307, 309, 989 P.2d 1144 (1999).  A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds.  Mayer v. Sto Indus., Inc., 156 Wn.2d 677, 684, 132 P.3d 115 (2006).  But a trial court's ruling under CR 60(b)(5) is reviewed de novo.  Ahten v. Barnes, 158 Wn. App. 343, 350, 242 P.3d 35 (2010).

Lovick's first motion to vacate sought relief under CR 60(b)(4), (5), and (11) and she raises arguments on appeal related to subsections (4) and (5).

## CR 60(b)(5)

Lovick maintains that, because she was not in default on October 3, 2018, when the court entered the default order and judgment against her, the judgment is void and the trial court was required to vacate.

CR 60(b) requires that a motion to vacate must be made "within a reasonable time" of the judgment, order, or proceeding that the movant seeks to vacate.[2]   But courts have a nondiscretionary duty to vacate a void judgment.  Rabbage v. Lorella, 5 Wn. App. 2d 289, 297, 426 P.3d 768 (2018).  A motion to vacate an order as void under CR 60(b)(5) may be brought at any time, despite the plain language of the rule.  In re Marriage of Leslie, 112 Wn.2d 612, 618-19, 772 P.2d 1013 (1989); Allstate Ins. Co. v. Khani, 75 Wn. App. 317, 323, 877 P.2d 724 (1994).  Lovick argued that because the default judgment was void, the motion for relief under CR 60(b)(5) was not untimely.

However, Lovick failed to establish that the judgment is void.  Although the parties dispute whether Lovick served her answer on Reynolds on October 2, 2018, there is no dispute that Lovick appeared in the case by filing an answer on October 2, 2018.[3]  A party who has appeared in an action "shall be served with a written notice of motion for default and the supporting affidavit at least 5 days before the hearing on the motion."  CR 55(a)(3).

Lovick did not receive notice of the motion for default.  Nevertheless, the failure to provide notice when required is a serious procedural error that renders the judgment voidable, not void, and justifies vacation only when the requirements of CR 60 are met.

---

[2] Motions brought under CR 60(b)(1)-(3), subsections that are not applicable here, must be brought within a year of entry of default.  CR 60(b).

[3] According to the declaration of Reynolds's attorney, the attorney's office never received Lovick's answer by mail, service, or email.  In reply, Lovick submitted the declaration of a personal friend, who stated that, contrary to the representation of Reynolds's counsel, she delivered a court-stamped copy of Lovick's answer to counsel's law office immediately after filing the document on Lovick's behalf on October 2, 2018.  Regardless of this factual dispute, the parties agree that Lovick was entitled to notice under CR 55(a)(3).

Rabbage, 5 Wn. App. 2d at 298; In re Marriage of Orate, 11 Wn. App. 2d 807, 813, 455 P.3d 1158 (2020). Lovick relies on Servatron, Inc. v. Intelligent Wireless Products, Inc., 186 Wn. App. 666, 678-81, 346 P.3d 831 (2015) to argue otherwise. In Servatron, Division Three of this court relied on Tiffin v. Hendricks, 44 Wn.2d 837, 847, 271 P.2d 683 (1954), wherein our Supreme Court stated that a party who did not receive notice of a default "may have such a default judgment set aside as a matter of right." But, as Rabbage persuasively explains, the failure to provide notice of a motion for default does not divest a court of jurisdiction, so a default judgment entered without notice is merely voidable and not void. Rabbage, 5 Wn. App. 2d at 299-300. Division Three later reached the same conclusion in Orate, and recognized that,

> "where a court has jurisdiction over the person and the subject matter, no error in the exercise of such jurisdiction can make the judgment void, and that a judgment rendered by a court of competent jurisdiction is not void merely because there are irregularities or errors of law in connection therewith."

Orate, 11 Wn. App. 2d at 813 (quoting In re Marriage of Ortiz, 108 Wn.2d 643, 649-50, 740 P.2d 843 (1987)). As we have previously observed, Servatron overextended Tiffin. We adhere to our recent decisions in Rabbage and Orate.

Lovick also contends, as she did in her second motion to vacate, that entry of default judgment without notice is more than a procedural error, it is a due process violation. But describing the error as implicating due process does not change the analysis as to whether the judgment is void. As we made clear in Rabbage, when a party does not receive required notice of a hearing to consider a motion for default, that party is "'generally entitled to have judgment set aside without further inquiry.'"

7

Rabbage, 5 Wn. App. 2d at 297 (quoting Morin v. Burris, 160 Wn.2d 745, 754, 161 P.3d 956 (2007)). "But the right to have a judgment set aside does not necessarily mean that the judgment is void." Id. The failure to provide notice is not a jurisdictional flaw that renders a judgment void—or without legal effect. A trial court lacks authority to enter default judgment without notice against a defendant who is not in default, and judgment entered without authority may be set aside if a motion to vacate is brought within time constraints of CR 60. Id. at 300; see also Orate, 11 Wn. App. 2d at 808-09 ("If a trial court has jurisdiction when a judgment is entered, judgments entered without proper notice are voidable, not void.").

The trial court did not err in concluding that the 2018 default order and judgment are not void and CR 60(b)(5) does not provide a basis for relief.

## CR 60(b)(4)

Lovick claims the trial court abused its discretion in denying her motion under CR 60(b)(4) as untimely. A party attacking an order under CR 60(b)(4) is required to establish, by clear and convincing evidence, fraud, misrepresentation, or other misconduct. Hor v. City of Seattle, 18 Wn. App. 2d 900, 912, 493 P.3d 151 (2021). And the trial court has discretion to grant a motion under CR 60(b)(4) only if the motion is filed "within a reasonable time." CR 60(b).

What constitutes a reasonable time for purposes of CR 60(b) depends on the facts and circumstances of each case. Luckett, 98 Wn. App. at 312. When considering the timeline of events, the critical period is the time between when the party seeking vacation became aware of the judgment and the filing of the motion. Ha v. Signal Elec.,

Inc., 182 Wn. App. 436, 454, 332 P.3d 991 (2014). For example, three months may not be within a reasonable time to respond to notice of a default judgment in certain circumstances, while moving to vacate within one month of notice generally satisfies due diligence. Id. "Major considerations" for determining the reasonableness in a particular case include "prejudice" to the nonmoving party and "whether the moving party has good reasons for failing to take appropriate action sooner." Luckett, 98 Wn. App. at 312.

Approximately four years and nine months elapsed between the date of the judgment and Lovick's first motion to vacate. During that time, the judgment was partially satisfied. Reynolds would be prejudiced if required to relitigate events that took place in 2016 and 2017. The prejudice factor weighs slightly against Lovick.

The second factor weighs more heavily against Lovick because she has provided no satisfactory explanation for why she waited more than four years to file a motion to vacate after she learned of the default judgment. Lovick claims the delay was reasonable because she received "misinformation" about her available legal options and had limited financial resources. And, relying on In re Marriage of Gharst, 25 Wn. App. 2d 752, 759, 525 P.3d 250 (2023), Lovick argues that personal difficulties resulting in delay should not be held against her.

But the record demonstrates that when she learned of the default judgment, Lovick immediately understood that it was erroneously based on the failure to appear. The record further reveals that Lovick contacted the court to confirm that her responsive document had been filed and obtained a copy. But then, despite her awareness of what

9

had occurred and possession of documentary evidence tending to show procedural error, Lovick did not file any motion with the court. Instead, Lovick hoped Reynolds would not attempt to enforce the judgment.

And while Lovick partially attributes the delay to misleading legal advice, the record suggests that she only sought such advice sometime after August 2020, more than a year and a half after she became aware of the judgment. Further, Lovick's suggestion that she did not promptly file a motion to vacate because she was unaware that she could do so on her own behalf is unconvincing, since she had already filed an answer pro se. And finally, Gharst does not advance Lovick's position since the court in that case addressed a motion premised on excusable neglect under CR 60(b)(1) that was filed less than a month after entry of the default judgment. 25 Wn. App. 2d at 760.

Luckett is instructive. Luckett's counsel waited four months before filing a motion to vacate a dismissal order under CR 60(b)(1). Luckett, 98 Wn. App. at 313. Even though the delay did not cause demonstrable prejudice, and the motion was filed within the one-year timeframe prescribed by the rule, the court concluded that Luckett's motion was not filed within a reasonable time because he had not advanced a good reason for the delay. Id. The delay here was far more extensive. And the reasons Lovick provides for failing to file a motion sooner, do not actually explain the more than four-year delay, given her awareness of the procedural error in 2019 and competent pro se filings both before and after entry of the default judgment. As we recognized in Luckett, while there is a preference for resolving cases on their merits, the timely pursuit of available remedies is generally a prerequisite to application of that preference. Id. at

313-14. Accordingly, even assuming Lovick could establish fraud, the trial court did not abuse its discretion in denying the motion to vacate because Lovick failed to act within a reasonable amount of time.[4]

Second Motion

Lovick argues that because her second motion raised different grounds for relief from her first motion, namely CR 55, the trial court erred in concluding that the motion was "akin" to a motion for reconsideration. But the alleged error in describing the motion had no effect. The trial court also denied the motion to vacate on the merits. As to the merits, Lovick contends that the trial court applied the wrong legal standard to determine whether she established good cause to set aside the order of default under CR 55(c)(1).

This argument fails for several reasons. First, the trial court's remark at the hearing on Lovick's first motion to vacate does not establish that the court applied an incorrect standard in deciding Lovick's second motion. Second, excusable neglect

---

[4] The trial court's determination that Lovick failed to provide substantial evidence to establish a prima facie defense appears to be irrelevant to her motion under CR 60(b)(4). The existence of a meritorious defense, as one of the four factors under White v. Holm, 73 Wn.2d 348, 352, 438 P.2d 581 (1968), is a consideration in determining whether a default judgment should be vacated when the motion to vacate is brought under CR 60(b)(1) or (11). See, e.g., Little v. King, 160 Wn.2d 696, 703-04, 161 P.3d 345 (2007) (applying the White factors when motion to vacate was brought pursuant to CR 60(b)(1)); Topliff v. Chicago Ins. Co., 130 Wn. App. 301, 304, 308, 122 P.3d 922 (2005) (applying White factors to motion to vacate brought under CR 60(b)(11)). As we have noted, "White v. Holm [ ] was based on language in former RCW 4.32.240 substantially similar to CR 60(b)(1)." Peoples State Bank v. Hickey, 55 Wn. App. 367, 370 n.2, 777 P.2d 1056 (1989). Therefore, the White factors are generally applicable when the motion to vacate is brought pursuant to CR 60(b)(1). Peoples State Bank, 55 Wn. App. at 370; see, e.g., Little, 160 Wn.2d 696; Haller v. Wallis, 89 Wn.2d 539, 573 P.2d 1302 (1978); TMT Bear Creek Shopping Ctr., Inc. v. PETCO Animal Supplies, Inc., 140 Wn. App. 191, 165 P.3d 1271 (2007).

remains a "key" component in the analysis of good cause under CR 55, even under the decision in Sellers v. Longview Orthopedic Assoc. PLLC, 11 Wn. App. 2d 515, 525, 455 P.3d 166 (2019) (although excusable neglect will generally be an important factor considered in determining whether to set aside a default order, it is not always required). Third, and fatal to Lovick's argument, CR 55(c)(1) is inapplicable to these circumstances. While CR 55(c)(1) allows a trial court to set aside a default order "[f]or good cause shown and upon such terms as the court deems just," a party seeking this relief must do so prior to the entry of judgment. CR 55(c)(1); Canam Hambro Sys., Inc. v. Horbach, 33 Wn. App. 452, 453, 655 P.2d 1182 (1982). After "a judgment by default has been entered, [the court] may likewise set it aside in accordance with rule 60(b)." CR 55(c)(1). Here, the trial court entered the default order and judgment against Lovick in October 2018 and she filed her motion seeking relief under CR 55 in September 2023. Lovick's motion to vacate was governed by CR 60(b). The trial court had previously denied Lovick's motion under CR 60(b) and did not abuse its discretion in denying her second motion.

## Damages and Interest

Lovick challenges the sufficiency and reliability of the evidence supporting the damages awarded and the imposition of interest on the judgment. But errors in the underlying judgment must be remedied through direct appeal. Burlingame v. Consolidated Mines and Smelting Co., Ltd., 106 Wn.2d 328, 336, 722 P.2d 67 (1986). Appeal of a denial of a motion to vacate "is limited to the propriety of the denial[,] not the impropriety of the underlying judgment." Bjurstrom v. Campbell, 27 Wn. App. 449, 450-

12

51, 618 P.2d 533 (1980). We do not reach Lovick's claims of error that pertain to the underlying judgment.

Attorney Fees

Both parties challenge trial court's attorney fee rulings in connection with each of the orders on the motions to vacate.

"The general rule in Washington is that attorney fees will not be awarded for costs of litigation unless authorized by contract, statute, or recognized ground of equity." Durland v. San Juan County, 182 Wn.2d 55, 76, 340 P.3d 191 (2014). "We review whether there is a legal basis for an award of attorney fees de novo." Allen v. Dan and Bill's RV Park, 6 Wn. App. 2d 349, 372, 428 P.3d 376 (2018).

The underlying promissory note provides, "If this note is in default and is placed for collection, Josanne B. Lovick shall pay all reasonable costs of collection and attorneys' fees."

On cross appeal, Reynolds challenges the trial court's denial of his request for attorney fees incurred in opposing Lovick's first motion to vacate. The trial court explained in its oral ruling that it did not believe it was "appropriate" to award fees because the court agreed that a "significant procedural error" had occurred, even though the circumstances did not warrant vacating the judgment.

Reynolds claims he is entitled to fees under RCW 4.84.330 because (1) the underlying action arose from the promissory note, (2) the note includes a unilateral attorney fee provision, and (3) he was the prevailing party. See Wachovia SBA Lending v. Kraft, 138 Wn. App. 854, 859, 158 P.3d 1271 (2007). Reynolds argues that since

RCW 4.84.330 is applicable, it "mandates the award of fees to the prevailing party, with no discretion except as to the amount." Crest Inc. v. Costco Wholesale Corp., 128 Wn. App. 760, 772, 115 P.3d 349 (2005).

Lovick claims the trial court did not err in denying the fee request because, among other reasons, the merger rule bars recovery of fees under the promissory note. We agree.

Reynolds points out that Lovick did not object to his fee request on this or any other basis. Reynolds therefore asserts that we are unable to consider the merger rule as grounds to uphold the trial court's ruling. But we may affirm the trial court on any ground supported by the record. LaMon v. Butler, 112 Wn.2d 193, 200-01, 770 P.2d 1027 (1989). As we recently observed,

> "[w]here a judgment or order is correct it will not be reversed merely because the trial court gave wrong or insufficient reason [for its rendition.]" Pannell v. Thompson, 91 Wn.2d 591, 603, 589 P.2d 1235 (1979). When the facts and law indicate an appropriate reason for the trial court's decision we must affirm the trial court on the basis of the applicable law.

View Ridge Estates Homeowners Assoc. v. Guetter, No. 85897-1, slip op. at 29 (Wash. April 8, 2024), https://www.courts.wa.gov/opinions/pdf/858971.pdf (alterations in original) (quoting Keogan v. Holy Fam. Hosp., 95 Wn.2d 306, 317, 622 P.2d 1246 (1980)). We are not precluded from considering any basis supported by the record that supports the trial court's decision.

Our courts have recognized that "[a]s a general rule, when a valid final judgment for the payment of money is rendered, the original claim is extinguished, and a new cause of action on the judgment is substituted for it." Woodcraft Const., Inc. v.

Hamilton, 56 Wn. App. 885, 888, 786 P.2d 307 (1990); Caine & Weiner v. Barker, 42 Wn. App. 835, 837, 713 P.2d 1133 (1986).  In both Woodcraft and Caine, the court held that because a judgment based upon a promissory note extinguished the note, the note's attorney fee provision merged into the judgment and ceased to exist, providing no basis for an attorney fees award.  56 Wn. App. at 888; 42 Wn. App. at 838-39.

In Caine, a judgment creditor obtained a default judgment for amounts due under a promissory note.  42 Wn. App. at 836.  The note provided for attorney fees in the event that a "suit is instituted to collect this note or any portion thereof."  Id.  Ultimately, the judgment was paid in full, including an award of attorney fees, and a debtor who collected from a jointly-liable party brought a post-judgment motion seeking to recover the costs of collection under the promissory note provision.  Id.  The Caine court applied the merger rule.  Id. at 838.  The court reasoned that when the debt was reduced to judgment, the debtors' former joint obligation on the note became an obligation on the judgment and the original claim in the note was extinguished.  Id.

A few years later, Division Three of this court reached the same conclusion in Woodcraft.  There, the creditor filed its partially satisfied Alaska judgment in Washington and sought to collect the unsatisfied portion from property held by the judgment debtor's wife.  The trial court found in favor of the wife and awarded her attorney fees and costs pursuant to the terms of the promissory note underlying the judgment.  Woodcraft, 56 Wn. App. at 887.  Citing Caine, the appellate court reversed and held that there was no basis for the award because the attorney fee provision in the underlying promissory note "merged into the judgment and ceased to exist."  Id. at 888.

Here, the promissory note required Lovick to pay "all reasonable costs of collection and attorneys' fees" and did not provide for recovery of fees associated with collection post-judgment. Reynolds filed suit to collect principal and interest on the note and obtained a default judgment that included attorney fees and costs. Reynolds now seeks to rely on the promissory note as a basis to recover fees incurred in opposing Lovick's post-judgment motion to vacate. But, as in Caine and Woodcraft, the attorney fee provision in the promissory note merged into the 2018 judgment, was extinguished, and does not provide a basis for a further award of fees.

Reynolds acknowledges that contractual attorney fee provisions merge with a final judgment, but observes that contractual attorney fee provisions continue to apply until a judgment is final. Reynolds suggests that the note's attorney fee provision has not yet merged with the judgment in this case since the "Order and Judgment are on appeal." But only the orders denying Lovick's motions to vacate are on appeal. The 2018 order and judgment is long final. The trial court did not err in denying Reynolds's request for fees.

As a final matter, Lovick challenges the trial court's award of attorney fees to Reynolds under the promissory note and CR 11 in the order denying her second motion to vacate. As explained, there is no contractual basis for a post-judgment award of fees under the merger rule. As to CR 11, Lovick contends that her second motion to vacate was not without merit and the trial court failed to provide adequate findings to support the sanctions.

16

"[CR 11] permits a court to award sanctions, including expenses and attorney fees, to a litigant whose opponent acts in bad faith in instituting or conducting litigation." Delany v. Canning, 84 Wn. App. 498, 509-10, 929 P.2d 475 (1997). The rule applies to pro se litigants as well as attorneys. In re Recall of Lindquist, 172 Wn.2d 120, 136, 258 P.3d 9 (2011). We review the imposition of a CR 11 sanction for abuse of discretion. Kilduff v. San Juan County, 194 Wn.2d 859, 874, 453 P.3d 719 (2019).

The trial court's order provides that "pursuant to the promissory note at issue and CR 11, Plaintiff Frederick Reynolds is awarded the attorneys' fees he incurred in responding to the Motion in the amount of $4,482."

While the court also found that Lovick's motion was "akin to a motion for reconsideration," and "untimely," this does not amount to a finding that Lovick brought the motion for an improper purpose, such as harassment. Nor did the court find that Lovick's filing was baseless, and submitted without a reasonable inquiry into law and facts.

The trial court's findings are insufficient to support the CR 11 sanction. "[I]n imposing CR 11 sanctions, it is incumbent upon the court to specify the sanctionable conduct in its order." Biggs v. Vail, 124 Wn.2d 193, 201, 876 P.2d 448 (1994). "The court must make a finding that either the . . . [pleading, motion, or legal memorandum] is *not* grounded in fact or law and the attorney or party failed to make a reasonable inquiry into the law or facts, or the paper was filed for an improper purpose." Id.

Because the trial court's findings do not support the sanction under CR 11, we reverse the sanction and remand so that the trial court may consider whether a CR 11

sanction is appropriate in light of the standards discussed.  See Id. at 202 (setting forth procedure for remand on CR 11 findings).

Fees on Appeal

Both parties request fees on appeal under RCW 4.84.330 and RAP 18.1.  Again, because the promissory note merged with the judgment, its fee provision does not provide a basis for fees on appeal.  We deny both parties' requests.

CONCLUSION

The orders denying the motions to vacate are affirmed.  The trial court's award of attorney fees under the promissory note and as a sanction under CR 11 is reversed without prejudice and remanded for further proceedings in light of this opinion.

_____
Coburn, J.

WE CONCUR:

_____
Díaz, J.

_____
Dwyer, J.